1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                     * * *

9   ELVEN JENNINGS; et al.,                    )
                                               )
10                 Plaintiffs,                  )        03:07-CV-00230-LRH-RAM
                                               )
11   v.                                         )
                                               )        ORDER
12   FAY WARD, individually and as Trustee of   )
     the D.P. and FAY WARD FAMILY TRUST         )
13   daed July 23, 1997; et al.,                )
                                               )
14                 Defendants.                  )
                                               )
15   _____ )

16          Presently before the court are several motions.  First, Defendant Fay Ward ("Ward") has

17   filed a Motion for Order Requiring Plaintiffs to Remit Monthly Payments of $10,000 to the Court

18   (# 87[1]).  Defendants and Counterclaimants Bryan S. Mason, L. Jane Mason, Silver & Stone LLC,

19   and Silver & NV Stones, LLC (collective, the "Mason Defendants") have joined (# 95) in Ward's

20   Motion.  Plaintiffs Elven Jennings and Richard Fournier (collectively, "Plaintiffs") have filed an

21   opposition (# 93), to which Ward and the Mason Defendants replied (## 105, 107).  Next, Ward

22   filed a Motion for Order Requiring Plaintiffs to Mitigate their Alleged Damages (# 88).  Plaintiffs

23   have filed an opposition (# 94), and Ward replied (# 106).  Finally, Plaintiffs have filed a Motion to

24   Release Funds (# 92).  Ward and the Mason Defendants have filed oppositions (## 104, 108), and

25

26          [1]Refers to the court's docket number.

1    Plaintiffs replied (# 114).

2          This is a diversity action based on an alleged breach of a contract.  The contract at issue

3    requires Plaintiffs to make monthly payments to Ward in the amount of $10,000.  On May 14,

4    2007, Plaintiffs filed a motion (# 2) asking the court to allow the sums that become due under the

5    contract to be deposited with the court.  On May 23, 2007, this court issued an order granting

6    Plaintiffs' motion and directing the Clerk of the court to accept funds deposited by Plaintiffs.  (May

7    23, 2007, Order (# 4).)  It has been represented to the court that Plaintiffs have deposited a total of

8    $60,000 with the Clerk of the court.  It has further been represented to the court that Plaintiffs

9    stopped making payments that were due under the contract beginning on November 15, 2007.

10         Ward and the Mason Defendants now ask the court to issue an order requiring Plaintiffs to

11   continue making deposits with the court of sums that are due under the contract.  Ward and the

12   Mason Defendants argue that Plaintiffs are required to continue making the payments due to the

13   contract and their representations to the court.  Ward also seeks an order requiring Plaintiffs to

14   mitigate their damages.  Plaintiffs oppose both motions.  With respect to making deposits with the

15   court, Plaintiffs argue Ward has pled no claims against Plaintiffs and has not met the requirements

16   for issuing a preliminary injunction.  As to mitigation, Plaintiffs argue that the issue of mitigation

17   relates wholly to a determination of damages.  Finally, Plaintiffs seek an order releasing the funds

18   that have deposited with the Clerk.  Defendants oppose the motion arguing Plaintiffs are not

19   entitled to the funds.

20         The court finds no basis to order Plaintiffs to continue making deposits with the Clerk of

21   the court.  Plaintiffs voluntarily made such deposits in order to avoid the possibility of breaching

22   the contract themselves for non-payment.  It is clear to the court that Plaintiffs understand the

23   possible consequences of their actions.  At this point, Plaintiffs are correct that Ward has not pled

24   any claims for relief against Plaintiffs and has not made the required showing for mandatory

25   injunctive relief.  Neither Ward nor the Mason Defendants have provided any other basis to warrant

26

                                                    2

1    the requested order.

2         Although there is no basis to order Plaintiffs to continue making payments to the Clerk, the

3    court finds that an order releasing the funds that have already been deposited is not appropriate.

4    Plaintiffs voluntarily made such deposits and represented that they would continue to make

5    payments due under the contract.  Ward and the Mason Defendants may have relied on these

6    representations with respect to their legal rights.  As a result, the court finds it is appropriate to

7    retain such funds until the final resolution of this case.  At that time, the funds will be released to

8    the appropriate party.

9         Finally, the court finds no basis to order Plaintiffs to mitigate their damages.  There is no

10   dispute that Plaintiffs have a duty to mitigate their damages.  Nevertheless, Plaintiffs are correct

11   that the issue of mitigation relates directly to damages.  As Plaintiffs point out, if Plaintiffs prevail

12   in this case and it is found that Plainitffs failed to properly mitigate their damages, the appropriate

13   remedy is a reduction in Plaintiffs' monetary judgment.  (Opp'n to Def. Fay Ward's Mot. Requiring

14   Mitigation (# 94) at 2.)

15        IT IS THEREFORE ORDERED that Ward and the Mason Defendants' Motion for Order

16   Requiring Plaintiffs to Remit Monthly Payments of $10,000 to the Court (## 87, 95) is hereby

17   DENIED.

18        IT IS FURTHER ORDERED that Ward's Motion for Order Requiring Plaintiffs to Mitigate

19   their Alleged Damages (# 88) is hereby DENIED.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26

3

1      IT IS FURTHER ORDERED that Plaintiffs' Motion to Release Funds (# 92) is hereby

2  DENIED.

3      IT IS SO ORDERED.

4      DATED this 30th day of April, 2008.

7                                                    _____
                                                     LARRY R. HICKS

8                                                    UNITED STATES DISTRICT JUDGE

4